UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEGGY HAWKINS

VERSUS

AVALON HOTEL GROUP, LLC
D/B/A TOWNEPLACE SUITES BY
MARRIOTT GONZALES

CIVIL ACTION

NO. 12-570-SDD-RLB

### RULING

The Court previously issued a *Ruling*[1] which granted the Defendant Avalon Hotel Group's ("Avalon" or "Defendant") *Motion for Summary Judgment*[2] and dismissed the Title VII claims of Plaintiff, Peggy Hawkins ("Plaintiff"). Because this motion only addressed Plaintiff's federal claims, the Court ordered the parties to brief the remaining state law claim of intentional infliction of emotional distress ("IIED"). In compliance with the order, the Defendant moved for summary judgment[3] on the IIED claim, and Plaintiff opposed.[4] For the reasons which follow, the Court grants the Defendant's *Motion for Summary Judgment*

---

[1] Rec. Doc. No. 18.

[2] Rec. Doc. No. 13.

[3] Rec. Doc. No. 19.

[4] Rec. Doc. No. 20.

Doc 872

1

on Plaintiff's IIED claim.[5]

## I. *Motion for Reconsideration on Motion to Exclude Untimely Disclosed Exhibits*

Despite this Court's order that only the issue of IIED was to be addressed, the *Opposition* by Plaintiff's counsel improperly includes a *Motion for Reconsideration of Motion to Exclude Untimely Disclosed Exhibits*.[6] The Court previously granted Avalon's *Motion to Exclude Untimely Disclosed Exhibits* because the Plaintiff failed to oppose the motion, and because there was no apparent justification for the failure to timely disclose the exhibits. Plaintiff offers no reasonable explanation for the failure to respond to the original motion, no argument that she has satisfied the legal standard for reconsideration, and no exception to the discovery rules. Plaintiff asserts only that the health center would not release Plaintiff's records until threatened with a subpoena and "only just before the deadline to file the response to Defendant's motion."[7] Even if this motion was proper, and Plaintiff had established her right to reconsideration, the Court finds that her unsupported arguments fail to satisfy the four factor test for determining a justification for the failure to timely produce documents.[8] Therefore, Plaintiff's *Motion for Reconsideration* is DENIED. Defendant's *Renewed Motion to Exclude Untimely Disclosed Exhibits* is DENIED as moot.[9]

---

[5] The Court adopts and incorporates by reference the factual background, summary judgment standard, and relevant analysis in its previous *Ruling*, Rec. Doc. No. 18.

[6] Rec. Doc. No. 20, p. 1.

[7] *Id.*

[8] *See CQ, Inc. v. TXU Mineral Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

[9] Rec. Doc. No. 22.

Doc 872                                          2

## II. Intentional Infliction of Emotional Distress under Louisiana Law

To establish a claim for IIED under Louisiana law, a plaintiff must prove "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to follow."[10] Moreover, to succeed on an intentional infliction of emotional distress claim, the plaintiff must establish that the defendant's conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[11] Mere "insults, indignities, threats, annoyances" will not suffice to impose liability.[12] Additionally, the distress suffered must be so severe that "no reasonable person could be expected to endure it."[13] And while the defendant's knowledge that a plaintiff might be particularly susceptible to emotional distress is a factor to be considered, "the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough."[14] Finally, the defendant must have "intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like."[15]

---

[10] *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

[11] *Id.*

[12] *Id.*

[13] *Id.* at 1210.

[14] *Id.*

[15] *Id.*

Case 3:12-cv-00570-SDD-RLB   Document 23   01/09/14   Page 3 of 5

As the Court previously held, Plaintiff concedes that the only alleged "harassment" by Ehrhard was one proposition where Ehrhard allegedly told the Plaintiff she wanted a sexual relationship. When Plaintiff responded that she was straight, Ehrhard allegedly "dropped her arms" as though she was disappointed and walked away. Plaintiff concedes no other sexual overtures ever occurred toward her by Ehrhard. Considering the conduct required by Louisiana law to satisfy the extreme and outrageous element of this test, Plaintiff has clearly failed to satisfy this element under the facts of this case.

Avalon relies on *Smith v. Amedisys*,[16] where the Fifth Circuit affirmed a district court's dismissal of an IIED claim where the plaintiff alleged that her supervisor did the following: sexually harassed her, made sexual advances toward her including touching, made lewd comments about her sex life, repeatedly suggested the plaintiff prostitute herself for the company, and pulled her to the bed and attempted to kiss her while on a business trip.[17] Although the plaintiff claimed she was "angry, embarrassed, disgusted, humiliated, horrified, and repulsed,"[18] and also that she experienced depression, headaches, and loss of appetite as a result of the harassment, the Fifth Circuit held that the conduct was not sufficiently outrageous to be considered "unendurable."[19]

The facts in *Amedisys* are clearly more egregious than those presented by Plaintiff Peggy Hawkins. Furthermore, Plaintiff has presented no evidence that Avalon or Ehrhard

---

[16] 298 F.3d 434 (5th Cir. 2002).

[17] *Id.* at 437-448.

[18] *Id.* at 449.

[19] *Id.* at 450 citing *White*, 585 So.2d at 1209.

Doc 872

4

desired to inflict this emotional distress on Plaintiff or that "it would be certain or substantially certain to follow."[20] This case involves no pattern of repeated alleged harassment over a period of time, no touching, no lewd comments, and no further propositions. Plaintiff does not point to any jurisprudence where a court upheld an IIED claim with facts similar to those she has alleged. There is simply no evidence in the record to support Plaintiff's IIED claim.

### III. Conclusion

For the reasons set forth above, the *Supplemental Motion for Summary Judgment* by Defendant Avalon Hotel Group, LLC, d/b/a Towneplace Suites by Marriott Gonzales, is hereby GRANTED.[21] Plaintiff's *Motion for Reconsideration* improperly urged within her Opposition[22] is DENIED. Avalon's *Renewed Motion to Exclude Untimely Disclosed Exhibits* is DENIED as moot. Plaintiff's case is dismissed with prejudice.

Judgment shall be entered accordingly.

BATON ROUGE, Louisiana, this 9 day of January, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[20] *White*, 585 So.2d at 1209.

[21] Rec. Doc. No. 19.

[22] Rec. Doc. No. 20.